1  | Steven J. Renshaw  ( Bar No. 132640)
   | **RENSHAW & ASSOCIATES APLC**
2  | PO Box 3255
   | Ventura, Ca. 93006
3  | Tel:  (805) 289-9447
   | Fax:  (805) 289-9402
4  |
5  | Attorneys for Oasis Financial Services Inc.
6  |
7  |              **UNITED STATES DISTRICT COURT**
   |       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
8  |
9  |
10 | OASIS FINANCIAL SERVICES INC.        ) Case No.
   |                                      )
11 |                                      ) **COMPLAINT FOR :**
12 |                    Plaintiff,        )
   |                                      )   **1.  VIOLATION OF DEFEND TRADE**
13 |                                      )       **SECRETS ACT  18 U.S.C. §1836**
   |              Vs.                     )       **ET SEQ.**
14 |                                      )   **2.  CONVERSION**
   |                                      )   **3.  MISAPPROPRIATION OF**
15 | DAIJAVON GAYNAIR, an individual,     )       **TRADE SECRETS**
   |                                      )   **4.  TORTIOUS INTERFERENCE**
16 | And  DTB FINANCIAL SERVICES,an       )       **WITH A PROSPECTIVE**
   | entity of unknown origon            )       **ECONOMIC ADVANTAGE**
17 |                                      )   **5.  VIOLATION OF CALIFORNIA**
   |                                      )       **BUSINESS AND PROFESSIONS**
18 |                                      )       **CODE SECTION 17200**
   |                                      )   **6.  SLANDER**
19 |                                          **7.  BREACH OF FIDUCIARY DUTY**
20 |
21 |
22 |
23 |
24 | Oasis Financial Services Inc., ("Oasis" or "Plaintiff") by and through its attorneys
25 | undersigned  hereby alleges hereby alleges as follows against Defendants Daijavon
26 | Gaynair ("Ms Gaynair") and DTB FINANCIAL SERVICES ( "DTB"), collectively,
27 | "Defendants":
28 |

## NATURE OF THE ACTION

1. This is an action pursuant to the Defend Trade Secrets Act, 18 U.S.C 1836 et.seq. and for related causes of action under California statutory and common law.

2. This action arises out of the theft by Defendants of valuable trade secrets belonging to Oasis, including, but not limited to an extensive client list compiled over the course of more than ten years containing contact information, historical tax information, services rendered and pricing. Defendants also took, without Plaintiff's consent, certain proprietary electronic bank related information necessary for the electronic filing of client returns, as well as phone numbers obtained by Plaintiff for purposes of servicing client needs and which were historically used by clients to contact Plaintiff to acquire tax services.

3. Oasis is a California corporation, founded and wholly owned by defendant's father, Daren Gaynair, and has been in continuous operation for more than twenty five years, providing tax and accounting services to individuals and small businesses, the vast majority of it being repeat business.

4. During its operation, Oasis, and Mr. Gaynair compiled a significant electronic database of all of its more than five thousand customers, their contact information, the types of matters typically performed for those customers and a pricing schedule related to each client's particular required services.

5. Defendant, Ms. Gaynair, was an employee of Oasis Financial Services for more than ten years prior to November, 2024. During that time, Ms. Gaynair, as a trusted employee of Plaintiff, had access to the client list and all related client information.

6. In or about December, 2024, while Mr. Gaynair was on a multi week vacation, and without giving prior notice, Defendant, Ms. Gaynair ceased working for Oasis and began operation of her own tax and accounting related business located in the same geographic neighborhood as Oasis, Defendant DTB.

7.  Prior to leaving Oasis, Ms. Gaynair copied the entire client list and took it with her. After opening her own business, the first thing that Ms. Gaynair did was make use of the stolen customer list to begin contacting a large number of Oasis' customers, attempting to induce them to switch to her new business and offering them discounts on the costs of services rendered. The only way that Ms. Gaynair would have known the contact information and the fees charged to Oasis customers is by employing the stolen customer list.

8.  Plaintiff has sent a written demand for Defendants to cease and desist from using the stolen customer list for any reason, including, but not limited to soliciting Oasis' customers. Defendant Gaynair has ignored the request and has continued her illegal activities.

9.  In addition to the Customer list, Defendant Gaynair transferred an electronic filing and tax refund number commonly referred to as an "Efin" number to her new corporate entity. An Efin number is based on the registered owner's banking history and allows the holder to expedite client refunds and payment to the tax preparer. Only tax related businesses with established banking history are qualified to obtain an Efin number.

10. Just prior to leaving Oasis, Defendant Gaynair falsely reported to the issuing entity that Oasis' Efin number had been compromised and obtained issuance of a new Efin number over which she had sole control, thereby advancing the interests of herself and DTB while at the same time significantly hindering Oasis' ability to provide services to its clients.

11. Defendant Gaynair also had possession of a mobile telephone number acquired and paid for by Oasis for its business purposes. The number, while registered in Defendant Gaynair's name, was provided to clients as a primary alternate contact number for Oasis.

- 3

12. After leaving her employment with Oasis, Defendant Gaynair has continued to receive calls from Oasis clients on the referenced number and attempted to direct them to her own business.

13. Despite repeated requests, Defendant has failed and refused to return the number to Oasis and continues to use the number as a means of redirecting business to herself.

**THE PARTIES**

14. Plaintiff Oasis Financial Services Inc. is a California corporation located in the South Central Los Angeles and doing business under the name Gp Angels Tax Services.

15. Defendant Daijavon Gaynair, aka Daijavon Bowie is, and at all times relevant hereto is a resident of the State of California, County of Los Angeles.

16. Defendant DTB Financial Services is an entity of currently unknown origin doing business in South Central Los Angeles, in close proximity to Plaintiff's business.

**JURISDICTION**

17. This Court has subject matter jurisdiction over the federal question claims under 18 U.S.C.§1836 et. Seq. This complaint also alleges violations of California law . This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction. 28 U.S.C. §1367(a) in that the claims are so related to the above federal claims that they form part of the same case or controversy.

18. This Court has personal jurisdiction over the Defendants in that the acts complained of herein were committed within the Central District of California. In addition, Plaintiff is informed and believes, and on that basis alleges, that Defendants reside in and are doing business in the State of California and in this judicial District.

**DIVISIONAL ASSIGNMENT**

19. Venue is proper in this district pursuant to 28 U.S.C.§1391 (b) and (c). Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this judicial district.

- 4 -

**COUNT ONE**

**(VIOLATION OF THE DEFEND TRADE SECRETS ACT,**

**18 U.S.C 1836, et seq, AGAINST ALL DEFENDANTS)**

20. Oasis Financial Services Inc realleges and incorporates by reference herein the preceeding paragraphs as if fully set forth herein.

21. Oasis owns and has the sole right to the use of its customer list, compiled over the course of more than two decades of work. Said customer list is, and has been essential to the functioning of Oasis operations and has an independent value based on the fact that it is not widely circulated and not being readily ascertainable by others.

22. Because the customer list is so crucial to the ongoing business operation, Oasis took all reasonable and necessary efforts to keep it safe and protected from exposure to anyone but those within Oasis that had need of the information.

23. The customer list relevant hereto is an integral part of Plaintiff's business operation of preparing state and federal income tax returns and filing those returns electronically.

24. Plaintiff Oasis has been, is now being, and will continue to be irreparably harmed by Defendants misappropriation of its trade secrets, including, but not limited to its customer list and pricing.

**COUNT TWO**

**(CONVERSION AGAINST ALL DEFENDANTS)**

25. Oasis realleges and incorporates by reference herein the preceeding paragraphs as if fully set forth herein.

26. As set forth herein, Oasis was, at all times relevant hereto, the sole owner of the customer list compiled by Plaintiff and had not, at any time granted permission to any person to copy, possess or utilize the customer list except in furtherance of Oasis' business.

27. Notwithstanding the lack of consent, Defendants, and each of them accessed Plaintiff's customer list, copied said list and removed that copy from Oasis' custody and control

without Plaintiff's consent, and subsequently utilized that list for its own financial benefit and to Oasis' detriment.

28. Despite Plaintiff's demand for the return of the customer list and ceasing all further utilization of the list, Defendants, and each of them have refused to return the list and continue to utilize the list to Plaintiff's detriment.

29. As a result of Defendant's intentional acts, Plaintiff has suffered significant financial harm, including , but not limited to the loss of income and customers.

### COUNT THREE
### ( MISAPPROPRIATION OF  TRADE SECRETS AGAINST ALL DEFENDANTS)

30. Oasis realleges and incorporates by reference herein the preceeding paragraphs as if fully set forth herein.

31. Oasis was at all times the sole owner of the relevant customer list, which was an integral part of its business generation.

32. The customer list was at all times a trade secret that Oasis took all reasonable efforts to safeguard.

33. Defendants, and each of them copied the customer list without Oasis' consent in an effort to benefit themselves at the expense of Oasis.

34. Oasis was, and continues to be harmed by the misappropriation and usage of its customer list.

35. Defendants' unauthorized copying and usage of the customer list was a substantial factor in the damages sustained by Oasis.

### COUNT FOUR
### (TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE AGAINST ALL DEFENDANTS)

36. Oasis realleges and incorporates by reference herein the preceeding paragraphs as if fully set forth herein.

37. Defendants have utilized the customer list to contact Oasis longtime clients, misrepresenting that they were working in cooperation with and with the consent of Oasis, in order to divert those clients to their own business.

38. Defendants also are in possession of a cellular telephone number used by Oasis in order to allow clients to contact it for purposes of retaining Oasis.

39. Defendants have not only refused to return the phone number to Oasis, they have affirmatively utilized the telephone number in order to misdirect clients attempting to retain Oasis to Defendants' own business.

<u>COUNT FIVE</u>

**(UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 et Seq, AGAINST ALL DEFENDANTS)**

40. Oasis realleges and incorporates by reference herein the preceding paragraphs as if fully set forth herein.

41. In a calculated effort to interfere with Plaintiff's existing client relations and to advance their own interests in competition with Plaintiff, the Defendants committed the following acts:

   a. Misappropriated Plaintiff's Customer list and used said list to contact and solicit Plaintiff's customers;

   b. Refused to return the cellular telephone number used by Plaintiff for purposes of receiving client calls;

   c. Misrepresented to Plaintiff's existing clients that Defendant Bowie was opening a new office in cooperation with Plaintiff and with Plaintiff's knowledge and consent.

   d. Misreprented to other customers that, with Plaintiff's agreement, she was taking over the business operations of Oasis.

42. As a direct and proximate result of Defendants' acts and misrepresentations, numerous customers utilized Defendants' services when they intended to retain Plaintiff.

### COUNT SIX

### ( SLANDER AGAINST ALL DEFENDANTS)

43. Oasis realleges and incorporates by reference herein the preceding paragraphs as if fully set forth herein.

44. Plaintiff is informed and believes that, in an effort to interfere with Plaintiff's relationship with its clients and to redirect their business to Defendants, Defendants knowingly and intentionally made numerous untrue statements to Plaintiff's existing and potential clients, including, but not limited to allegations that Plaintiff was incompetent in  preparing tax returns and that Plaintiff and its employees were dishonest.

45. As a direct and proximate result of Defendant's untrue statements, Plaintiff suffered significant financial injury and will suffer continued financial injury in the future.

### COUNT SEVEN

### BREACH OF FIDUCIARY DUTY AGAINST

### DEFENDANT DAIJAVON GAYNAIR

46. Oasis realleges and incorporates by reference herein the preceding paragraphs as if fully set forth herein.

47. For more than ten years prior to December, 2024,, Defendant Gaynair was a trusted employee of Oasis, having access to all of Plaintiff's most important information, including, but not limited to, its customer lists and files.

48. Throughout this time, a fiduciary relationship existed between employer and employee, with Defendant owing a fiduciary duty to Plaintiff at all times hereto.

49. Defendant's decision to copy Plaintiff's client list and files, and to utilize that proprietary information to begin her own business and to lure clients from her prior employer, constitutes a breach of that fiduciary duty by Defendant Gaynair.

50. As direct and proximate result of Defendant's breach of that fiduciary duty, Plaintiff has been significantly damaged by the loss of business, which was the result of Defendant's utilization of proprietary information.

## **PRAYER FOR RELIEF**

WHEREFORE, for the forgoing reasons, Oasis prays for relief as follows:

1.  Entry of an order and judgment requiring that

    a) Defendants and their officers, agents, representatives and assignees and all other persons affiliated with Defendants, be required to cease the use of the relevant contact list, to return all copies of said client list to Oasis and destroy all copies of said list in their possession, to be permanently enjoined from contacting any individual or entity on the subject client list, absent proof of obtaining said information from an independent source;

    b) Defendant disgorge, pursuant to 15 U.S.C §1116(a) to Plaintiff all fees received from any person on the client list to date;

    c) Defendants be hereafter barred from engaging in any work for any person on the client list that Defendants have contacted to date;

2.  A judgment ordering Defendants, pursuant to 15 USC §1116(a), to file with this Court and serve upon Oasis, within thirty days(30) after entry of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to stop benefitting from Plaintiff's client list.

3.  A judgment awarding an amount not less than two hundred and fifty thousand dollars ($250,000) to Plaintiff Oasis for damages to its good name and reputation resulting from the slanderous comments made by Defendants against it;

4.  A judgement awarding to Plaintiff Derin Gaynair an amount of not less than two hundred and fifty thousand dollars ($250,000)resulting from the breach of fiduciary duty perpetrated by Defendant Gaynair.

5. A judgement, pursuant to 15 U.S.C 1117 or in the alternative, the California Business and Professions Code 17200, et seq, allowing Oasis to recover its costs and attorneys' fees incurred in connection with this action.

6. A judgment that Defendants pay pre- and post judgment interest on all sums awarded herein;

7. A judgment granting Oasis such additional relief as the Court deems just and proper.

Dated: February 23, 2025

By _____

Steven J. Renshaw, Attorney for Oasis Financial Services Inc.